Matter of Wolfe (2020 NY Slip Op 04225)





Matter of Wolfe


2020 NY Slip Op 04225


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

PM-93-20

[*1]In the Matter of Keith R. Wolfe, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Keith R. Wolfe, Respondent. (Attorney Registration No. 1510668.)

Calendar Date: June 22, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for petitioner.
Keith R. Wolfe, Village of Chittenango, Madison County, respondent pro se.



Per Curiam.
Respondent was admitted to practice by the Fourth Department in 1978 but was disbarred in 1989 by that Court due to his illegal and fraudulent participation in a kickback scheme involving his law firm and a former Mayor of the City of Syracuse (Matter of Wolfe, 146 AD2d 234 [1989]). The Fourth Department reinstated respondent in 2001 (Matter of Wolfe, 280 AD2d 1007 [2001]). Respondent thereafter began practicing law in the Third Judicial Department. By October 2019 order, this Court found that respondent's failure to cooperate with petitioner's investigation of a claim of neglect by a matrimonial client and his default in appearing for a sworn examination where he was to provide all requested documentation had demonstrated that he engaged in conduct immediately threatening the public interest; accordingly, we suspended him from the practice of law during the pendency of the investigation (176 AD3d 1302 [2019]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]).
Upon respondent's demand for a prompt postsuspension hearing, petitioner was directed to file and serve a petition of charges related to the allegations of noncooperation giving rise to respondent's interim suspension. In December 2019, petitioner duly commenced this proceeding alleging, in a single charge, that respondent had engaged in conduct prejudicial to the administration of justice in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) by failing "to cooperate with petitioner in its investigation." Respondent joined issue and the parties thereafter each filed a statement of disputed and undisputed facts. Subsequently, petitioner moved for, among other things, an order declaring that no factual issues have been raised by the parties' pleadings. Despite multiple adjournments of the motion return date, respondent has not replied to petitioner's motion to date.
Upon review of the parties' pleadings and statements of disputed and undisputed facts, we conclude that no factual issues have been presented and that petitioner's unopposed motion seeking to find respondent guilty of the professional misconduct charged and specified in the petition be granted. Significantly, both respondent's answer and statement of disputed and undisputed facts raise no other issue than his conclusory claim that he did not receive any of the multiple notices sent by petitioner to the confirmed address that respondent provided to the Office of Court Administration, Attorney Registration Unit. However, the mere denial of the receipt of this documentation, without more, "is insufficient to overcome the presumption of delivery which attaches to a properly mailed letter" (Dean v Sarner, 201 AD2d 770, 771 [1994]; see Electric Ins. Co. v Grajower, 256 AD2d 833, 836 [1998], lv dismissed 93 NY2d 848 [1999]). Inasmuch as petitioner has presented undisputed proof that it properly mailed these notices to respondent at the appropriate address, there is nothing in the record showing that the presumption of proper delivery was in any way rebutted. Accordingly, we find that sufficient proof has been presented to support the charged allegation that respondent engaged in conduct prejudicial to the administration of justice in violation of Rules of Professional Conduct (22 NYCRR 1200.0), rule 8.4 (d).
As for the appropriate sanction for this sustained misconduct, inasmuch as respondent's present interim suspension from the practice of law is solely related to his failure to cooperate (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]), we deem it appropriate to confirm that suspension (see Matter of Tan, 171 AD3d 1443, 1444 [2019]). Such suspension will continue until such time as the disciplinary investigation by petitioner has concluded and respondent submits a meritorious application for reinstatement in conformance with the appropriate procedures (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that petitioner's motion for a declaration that no factual issues have been raised by the pleadings is granted; and it is further
ORDERED that respondent is found guilty of violating Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d), as specified in the petition of charges; and it is further
ORDERED that respondent's current suspension from the practice of law is confirmed and continued until further order of this Court.