Matter of Wolfe (2021 NY Slip Op 03789)





Matter of Wolfe


2021 NY Slip Op 03789


Decided on June 11, 2021


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ. (Filed June 11, 2021.) 

&em;

[*1]MATTER OF KEITH R. WOLFE, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 21, 1978, and he formerly maintained an office in Manlius. The Grievance Committee has filed a petition asserting against respondent three charges of professional misconduct, including neglecting a client matter, failing to keep a client informed about a matter, and failing to cooperate in the grievance investigation. In response to the charges, respondent filed an answer and a subsequent stipulation wherein he admits various allegations of the petition. The parties now jointly move the Court for an order imposing discipline by consent and suspending respondent from the practice of law for a period of one year based upon his admissions set forth in the answer and stipulation.
With respect to charge one, respondent admits that, in 2008, he was appointed as administrator for an estate in a proceeding that was pending in Surrogate's Court, Saratoga County. Respondent admits that, although he made certain distributions to various beneficiaries from 2008 through 2014, the estate remained unsettled in 2016. Respondent further admits that, from October through November 2016, he failed to produce information and documentation as directed by the Surrogate, which resulted in the Surrogate finding respondent in contempt and directing him to pay a fine in the amount of $5,000. Respondent admits that the fine was subsequently waived after he belatedly complied with the directives of the Surrogate.
With respect to charge two, respondent admits that, in September 2015, he agreed to represent a defendant in an action for divorce and, in August 2016, the parties in that action agreed to the entry of a divorce decree pursuant to which respondent's client was entitled to a one-time payment in the amount of $1,000 and monthly maintenance payments in the amount of $176. Respondent admits that, although he received the one-time payment in September 2016 and at least four of the monthly payments between September 2016 and January 2017, he failed to notify his client that he had received the funds and failed to remit the funds to the client in a timely fashion.
With respect to charge three, respondent admits that, between January and May 2017, he failed to respond in a timely manner to requests from the Grievance Committee seeking information and documentation concerning the allegations of misconduct that gave rise to charges one and two of the petition.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after a petition is filed with this Court alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and the specific rules or standards of conduct violated, and an agreed-upon sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent's admissions establish that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him; and
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice.
In imposing the sanction requested by the parties, we have considered various factors, including the nature of the misconduct and the fact that respondent was suspended from the practice of law by the Third Department in 2019 for failing to cooperate in a grievance investigation that was pending in the Third Department (see Matter of Wolfe, 176 AD3d 1302 [3d Dept 2019]). Respondent remains suspended from practice as a result of that proceeding (see Matter of Wolfe, 185 AD3d 1347 [3d Dept 2020]). Accordingly, we adopt the sanction requested by the parties and resolve the charges in this matter by imposing the sanction of suspension from the practice of law for a period of one year and until further order of this Court.