Matter of Krinsky (2022 NY Slip Op 06058)

Matter of Krinsky

2022 NY Slip Op 06058

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

PM-175-22
[*1]In the Matter of Pery D. Krinsky, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Pery D. Krinsky, Respondent. (Attorney Registration No. 4084844.)

Calendar Date:July 25, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Law Office of Meredith S. Heller, PLLC, New York City (Meredith S. Heller of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by the Appellate Division, First Department in 2002 and most recently maintained a law practice in Manhattan primarily focused upon the defense of other attorneys in professional misconduct matters. In August 2018, the Attorney Grievance Committee of the First Judicial Department commenced a sua sponte investigation of respondent's potential misconduct stemming from his representation of another attorney in a disciplinary matter. Respondent's file was thereafter transferred to this Court by May 2019 order of the First Department, and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) assumed the investigation of respondent's conduct. In May 2020, an additional matter concerning similar allegations was also transferred to this Court. By June 2021 order, this Court found that respondent's failure to cooperate with AGC's ensuing investigations and requests for information and documentation had demonstrated that he engaged in conduct immediately threatening the public interest and, accordingly, we suspended him from the practice of law during the pendency of the investigations (195 AD3d 1149 [3d Dept 2021]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]).
Upon respondent's request for a postsuspension hearing, AGC was directed to file and serve a petition of charges regarding its allegations of respondent's noncooperation giving rise to his interim suspension. Accordingly, in July 2021, AGC commenced this proceeding alleging, in a single charge, that respondent had engaged in conduct prejudicial to the administration of justice in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) by failing "to cooperate with petitioner in its investigations" of two complaints of professional conduct. Respondent joined issue and the parties thereafter each filed a statement of disputed and undisputed facts. AGC subsequently moved for an order declaring that no factual issues have been raised by the parties' pleadings, finding that respondent had engaged in professional misconduct and confirming his interim suspension. Respondent opposed AGC's motion and cross-moved for, among other things, leave to amend his pleadings and for his conditional reinstatement.
Upon review of the parties' pleadings and statements of disputed and undisputed facts, we conclude that no factual issues have been presented and, thus, we grant AGC's motion and determine that respondent's commission of the professional misconduct charged in the petition has been established. Significantly, in his answer and statement of disputed and undisputed facts, respondent admitted to each and every allegation in the petition of charges. To the extent that respondent now cross-moves for leave to amend his pleadings, we decline his request. To be sure, CPLR 3025 (b) provides, in the relevant part, that "[a] party may amend his or her pleading, or supplement it by setting forth additional [*2]or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" and that such applications should be freely granted. Nevertheless, respondent continues to admit to his failure to cooperate and seeks only to amend his pleadings to include his assertion that his recently diagnosed medical condition rendered his lack of cooperation unintentional. Respondent's mental state, however, is not relevant here, inasmuch as an interim suspension may be imposed during the pendency of an investigation "upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest," which may be based upon respondent's "failure to comply with a lawful demand of the [AGC] in an investigation or proceeding under [these Rules]" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]; see also Matter of Tan, 171 AD3d 1443, 1444 [3d 2019]). As respondent's proposed amendments are "palpably insufficient [and] patently devoid of merit[,]" his cross motion in this regard is denied (Passeri v Brody, 199 AD3d 1260, 1261 [3d Dept 2021] [internal quotation marks and citations omitted]; see Petry v Gillon, 199 AD3d 1277, 1280 [3d Dept 2021]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [3d Dept 2017]). In view of respondent's undisputed failure to cooperate with AGC's investigations and related demands for information, we find that the charged allegation that respondent engaged in conduct prejudicial to the administration of justice in violation of Rules of Professional Conduct (22 NYCRR 1200.0), rule 8.4 (d) has been established.
As for the appropriate sanction for this sustained misconduct, as respondent has continued to fail to cooperate with AGC's investigations despite his asserted recovery from his medical condition and participation in this proceeding, we deem it appropriate to confirm that suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]; Matter of Wolfe, 185 AD3d 1347, 1348 [3d Dept 2020]). As to that part of respondent's cross motion seeking the conversion of his interim disciplinary suspension to one based upon medical incapacitation, he has failed to support his request with "medical proof demonstrating incapacity[,]" and, as such, his request is denied (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.14 [b]). We similarly deny respondent's request for conditional reinstatement in view of his failure to submit the requisite affidavit and supporting documentation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Respondent's suspension will continue until such time as the disciplinary investigations by AGC have concluded and respondent submits a meritorious application for reinstatement in conformance with the appropriate procedures (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]).
Garry, P.J., Lynch, Aarons[*3], Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that petitioner's motion for a declaration that no factual issues have been raised by the pleadings is granted; and it is further
ORDERED that respondent is found guilty of violating Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d), as specified in the petition of charges; and it is further
ORDERED that respondent's current suspension from the practice of law is confirmed and continued until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that respondent's cross motion is denied in its entirety.