Matter of McCullough (2023 NY Slip Op 00918)

Matter of McCullough

2023 NY Slip Op 00918

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

PM-31-23
[*1]In the Matter of William J. McCullough, a Suspended Attorney. (Attorney Registration No. 2700623.)

Calendar Date:November 7, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 1996, following his 1994 admission in his home state of Connecticut. By October 2021 order, however, this Court suspended respondent from practice in New York due to his longstanding failure to comply with the biennial registration requirements of Judiciary Law § 468-a (Matter of Attorneys in Violation of Judiciary Law § 468-a, 198 AD3d 1068, 1081 [3d Dept 2021]). Meanwhile, by November 2018 order, the Superior Court of Connecticut suspended respondent from practice on an interim basis due to his failure to cooperate with an audit of his trust account by Connecticut disciplinary authorities. In March 2019, respondent tendered his resignation from the Connecticut bar in the face of the ongoing disciplinary proceeding against him; the Superior Court of Connecticut accepted the resignation upon respondent's acknowledgment that he had engaged in professional misconduct by failing to cooperate with the aforementioned audit (see Connecticut Practice Book § 2-27 [e], [f]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has since twice moved to impose discipline upon respondent as a consequence of his Connecticut misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13), but has withdrawn each such motion due to problems concerning service. Now, by motion marked returnable November 7, 2022, AGC moves for a third time to impose discipline upon respondent as a consequence of his Connecticut misconduct. Respondent has not responded to AGC's motion to date.
As a preliminary matter, we note that AGC attempted to serve respondent at three different times via different methods in order to commence this proceeding against him. Attorneys admitted to practice in New York have an obligation to maintain their current contact information with Office of Court Administration (hereinafter OCA) records, amending changes to home and business addresses, phone numbers and email addresses within 30 days of that change (see Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [e], [f]). The purpose of this requirement, of course, is to ensure that attorneys are timely notified of registration deadlines, investigations or complaints against them, and so that a former client can contact his or her attorney, notwithstanding the passage of time or changes in employment. Attorneys registered to practice law in New York should expect that OCA records would be utilized to communicate with them about their New York law licenses and failure to maintain this contact information deprives them of the opportunity to receive actual notice of the commencement of a disciplinary proceeding against them, at their own peril (cf. Dobkin v Chapman, 21 NY2d 490, 504 [1968]). Here, AGC attempted service on respondent by way of the email address and later the home and business addresses provided by respondent himself in OCA records, as well as at another [*2]address that was discovered by AGC in researching respondent's whereabouts. Under the circumstances presented, AGC took efforts reasonably calculated to apprise respondent of the pendency of this action against him and afford him the opportunity to present his objections (see Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]). Accordingly, we consider respondent properly served and will turn to respondent's conduct in Connecticut giving rise to AGC's motion.
The conduct underlying the finding of misconduct in Connecticut — respondent's failure to cooperate with an audit of an attorney trust account — would constitute a violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) if committed in New York (see Matter of Krinsky, 209 AD3d 1256, 1258 [3d Dept 2022]; Matter of Wolfe, 185 AD3d 1347, 1348 [3d Dept 2020]). Given respondent's failure to respond to the instant motion, we deem the defenses otherwise available to him pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) to have been waived, find the misconduct established, grant AGC's motion in that respect and turn our attention to the issue of the appropriate disciplinary sanction (see Matter of Hankes, 210 AD3d 1282, 1282 [3d Dept 2022]; Matter of Colby, 156 AD3d 1215, 1215-1216 [3d Dept 2017]).
Turning to the appropriate sanction, we find that respondent's Connecticut resignation was "tantamount to a disciplinary resignation" in this state (Matter of Calisi, 119 AD3d 1317, 1317 [3d Dept 2014]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10). Given his failure to participate in these proceedings, respondent has presented no mitigating factors for our consideration (see Matter of McSwiggan, 169 AD3d 1248, 1250 [3d Dept 2019]). Respondent's conduct is aggravated by his failure to provide notice of the Connecticut interim suspension and disciplinary resignation orders (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]; see also Matter of Vega, 147 AD3d 1196, 1198 [3d Dept 2017]) and his longstanding failure to comply with his biennial attorney registration requirements (see Matter of McSwiggan, 169 AD3d at 1250). Accordingly, in consideration of all the facts and circumstances presented, including respondent's disregard for his fate as an attorney in New York, as demonstrated by his default in this proceeding (see Matter of Ugwuonye, 209 AD3d 1254, 1255 [3d Dept 2022]), we find that in order to protect the public, maintain the honor and integrity of the legal profession and deter others from engaging in similar misconduct, respondent should be disbarred in this state (see Matter of Vega, 147 AD3d at 1198; Matter of Calisi, 119 AD3d at 1317). We further order that any future application by respondent seeking reinstatement in this state must be accompanied by proof that he has been reinstated to the practice of law in Connecticut and that he has satisfied his attorney registration requirements in this [*3]state.
Egan Jr., J.P., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ. concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).