Matter of Escano (2023 NY Slip Op 05574)

Matter of Escano

2023 NY Slip Op 05574

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

PM-250-23
[*1]In the Matter of Jose Castillo Escano, a Suspended Attorney. (Attorney Registration No. 3954138.)

Calendar Date:September 25, 2023

Before:Egan Jr., J.P., Clark, Aarons, Fisher and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Noel Mendez of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2001, following his admission in his home state of California in 1999. This Court suspended respondent from practice in New York in 2009, however, due to his failure to abide by the biennial registration requirements of Judiciary Law § 468-a starting in 2003 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1456 [3d Dept 2009]); respondent remains suspended in this state to date. In 2014, respondent was charged by California disciplinary authorities with falsely reporting his compliance with Californian continuing legal education (hereinafter CLE) requirements and failing to cooperate with the resulting investigation of his conduct. Ultimately, respondent entered into a negotiated disposition which included a brief suspension and various probationary conditions. Respondent failed to abide by the conditions, however, and was thereafter suspended for a stayed two-year term and again directed to comply with various conditions. When respondent failed to comply with the probationary conditions for a second time, he was disbarred by October 2020 order of the Supreme Court of California. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) therefore now moves to impose discipline upon respondent in New York on account of his California misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has not responded to AGC's application.
As alleged by AGC, respondent's established misconduct in knowingly misrepresenting the number of earned CLE credits in connection with his California attorney registration requirements (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 8.4 [c]; see generally Matter of Park, 188 AD3d 1550, 1552 [3d Dept 2020]), as well as his failure to cooperate with a disciplinary investigation (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 8.4 [d]; see also Matter of Hock Loon Yong, 130 AD3d 1428, 1429 [3d Dept 2015]) would likewise constitute misconduct in this state. Moreover, respondent's repeated failures to comply with the conditions set forth in the Supreme Court of California's orders would, in this state, constitute a violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d). As respondent has not responded to AGC's motion despite service attempted upon him, we deem the defenses provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) to be waived, find the misconduct established, grant AGC's motion in that respect and turn to consideration of the appropriate disciplinary sanction (see Matter of McCullough, 213 AD3d 1136, 1138 [3d Dept 2023]; Matter of Hankes, 210 AD3d 1282, 1282 [3d Dept 2022]).
We are not obligated to impose the same sanction utilized by the foreign tribunal, but rather we are charged with crafting a sanction that protects the public, maintains the honor and integrity of the legal profession [*2]and deters others from engaging in similar misconduct (see Matter of Yiheng Lou, 206 AD3d 1221, 1224 [3d Dept 2022]; Matter of Hoines, 185 AD3d 1349, 1350 [3d Dept 2020]; Rules for Atty Disciplinary Matters [22 NYRCC] § 1240.8 [b] [2]). Significantly, because respondent has failed to participate in this proceeding, he has not presented any mitigating factors for our consideration. In aggravation, AGC cites respondent's failure to provide notice of the California disciplinary orders (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]; see also Matter of Vega, 147 AD3d 1196, 1198 [3d Dept 2017]), his engagement in a pattern of misconduct with compounded disciplinary sanctions (see Matter of Yiheng Lou, 206 AD3d at 1224; ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [c]) and, significantly, his failure to comply with his biennial attorney registration requirements since 2003 (see Matter of Zankowski, 208 AD3d 1495, 1497 [3d Dept 2022]; Matter of McSwiggan, 169 AD3d 1248, 1250 [3d Dept 2019]), thereby prompting his suspension in this state in 2009. In consideration of all the facts and circumstances presented, we disbar respondent (see Matter of McCullough, 213 AD3d at 1138; Matter of Park, 188 AD3d at 1552), and we direct that any future reinstatement application by respondent in this state include proof that he has been reinstated to the practice of law in California and that he has satisfied his attorney registration obligations in this state.
Egan Jr., J.P., Clark, Aarons, Fisher and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).