Matter of Aljaludi (2024 NY Slip Op 02124)

Matter of Aljaludi

2024 NY Slip Op 02124

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

PM-69-24
[*1]In the Matter of Zak Ahmad Aljaludi, a Suspended Attorney. (Attorney Registration No. 4732004.)

Calendar Date:February 26, 2024

Before:Garry, P.J., Egan Jr., Ceresia, McShan and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Nikolas S. Tamburello of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2009 but was suspended — and remains so suspended to date — from practice in New York by October 2023 order of this Court due to his failure to comply with his biennial registration requirements beginning in 2021 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 220 AD3d 1012, 1014 [2023]). Respondent was also admitted to practice in his home state of New Jersey in 2009 but, by September 2021 order of the Supreme Court of New Jersey, respondent was permanently disbarred in that jurisdiction upon a determination that he had misappropriated client and escrow funds, among other misconduct. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in this state on the strength of the adjudicated misconduct in New Jersey. AGC's motion was marked returnable on February 26, 2024, but respondent has not responded to the motion to date.
The New Jersey Office of Attorney Ethics (hereinafter OAE) charged respondent with two counts of professional misconduct based on his knowing misappropriation of client funds (see New Jersey Rules of Professional Conduct rule 1.15 [a]); his failure to safeguard client funds (see New Jersey Rules of Professional Conduct rule 1.15 [a]); his failure to promptly disburse client funds (see New Jersey Rules of Professional Conduct rule 1.15 [b]); his conduct involving dishonesty, fraud, deceit or misrepresentation (see New Jersey Rules of Professional Conduct rule 8.4 [c]); and involving conflicts of interest (see New Jersey Rules of Professional Conduct rule 1.7); his recordkeeping violations (see New Jersey Rules of Professional Conduct rule 1.15 [d]); his failure to maintain liability insurance (see New Jersey Rules of Professional Conduct rule 5.5 [a] [1]); and his failure to cooperate with OAE in its investigations of respondent (see New Jersey Rules of Professional Conduct rule 8.1 [b]). Based on these findings, OAE petitioned the Supreme Court of New Jersey to temporarily suspend respondent, and the Court so ordered (Matter of Aljaludi, 243 NJ 548 [2020]). Thereafter, the Disciplinary Review Board of the Supreme Court of New Jersey recommended that respondent be disbarred, noting that "[r]espondent's failure to file an answer to the complaint is deemed an admission that the allegations are true." The Supreme Court of New Jersey adopted these findings, noted his failure to appear and accordingly disbarred respondent (Matter of Aljaludi, 248 NJ 268 [2021]).
In its affirmation of counsel in support of its motion, AGC contends that sanctioning respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate based upon the conduct for which he was sanctioned by the Supreme Court of New Jersey. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits this [*2]Court to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, "[t]he respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors[,]" but such defenses are limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Here, respondent has not responded to AGC's motion and has therefore necessarily not invoked any of his available defenses (see Matter of Jenkins, 222 AD3d 1319, 1320 [3d Dept 2023]). Accordingly, our attention is directed to the sanction to be imposed, as well as the relevant aggravating and mitigating factors.
As a preliminary aggravating factor, it is noted that this Court suspended respondent by October 2023 order for conduct prejudicial to the administration of justice based on his registration obligation delinquencies beginning in 2021 and respondent remains so suspended to date (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 220 AD3d at 1014). Further exacerbating respondent's circumstances is his failure to respond to the subject motion (see Matter of Fauci, 221 AD3d 1240, 1241 [3d Dept 2023]; Matter of Johnson, 182 AD3d 899, 900 [3d Dept 2020]). As AGC correctly advises, "all, or nearly all, of the eleven (11) aggravating factors set forth [by the American Bar Association] are applicable to respondent's misconduct" including "dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to cooperate therein, submission of false statements during the disciplinary process, and refusal to acknowledge wrongful nature of conduct." Further, "because respondent has failed to participate in this proceeding, he has not presented any mitigating factors for our consideration" (Matter of Escano, 221 AD3d 1127, 1128 [3d Dept 2023]). Finally, respondent "has demonstrated his lack of interest in his fate as an attorney" as demonstrated by his pattern of egregious misconduct "as well as his failure to adhere to his attorney registration obligations" (Matter of Cohen, 217 AD3d 1248, 1249 [3d Dept 2023] [internal quotation marks and citation omitted]). Accordingly, in consideration of these facts and circumstances, we find the appropriate sanction to be disbarment (see id.; Matter of McCullough, 213 AD3d 1136, 1138 [3d Dept 2023]; Matter of Campbell, 203 AD3d 1380, 1383-1384 [3d Dept 2022]).
Garry, P.J., Egan Jr., Ceresia, McShan and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED [*3]that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).