Matter of Cruikshank (2024 NY Slip Op 04178)

Matter of Cruikshank

2024 NY Slip Op 04178

Decided on August 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 8, 2024

PM-159-24
[*1]In the Matter of Allan Baldwin Cruikshank Jr., an Attorney. (Attorney Registration No.2980969.)

Calendar Date:June 17, 2024

Before:Garry, P.J., Aarons, Ceresia, McShan and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Robert Max Beyer of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Allan Baldwin Cruikshank Jr., Plattsburgh, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1999 and currently practices as a principal at a small firm in the City of Plattsburgh, Clinton County. Upon commencement of an appeal for a client in a criminal matter, the US Court of Appeals for the Second Circuit sought multiple updates from respondent regarding the status of the appeal. In its attempts to contact respondent, the Second Circuit discovered that his admission before that Court had expired in January 2022 and that he had failed to apply for readmission. In September 2022, the Second Circuit's Grievance Panel directed respondent to, among other things, explain the reasons for his repeated failures to respond to the Second Circuit, but respondent failed to timely respond to the Grievance Panel as well. As a result, in March 2024, the Second Circuit issued an order (see Fed Rules App Pro rule 46 [b], [c]; Local Rules of US Ct of Appeals, 2d Cir rule 46.2), barring respondent from applying to the Court for readmission or representing any party before the Court until such time as he responds to the Grievance Panel's directive and receives leave of the Court for any proposed representation. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) therefore moves to impose discipline upon respondent in this state as a consequence of his misconduct before the Second Circuit (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has been heard in response and, while he opposes AGC's motion and requests that we not impose additional discipline upon him, he does admit to his failure to respond to the Grievance Panel, resulting in the Second Circuit order, and indicates that he has since supplied a response to the Grievance Panel.
We may discipline an attorney for misconduct committed in a foreign jurisdiction and, in defense, the attorney may assert that the disciplinary proceedings in the foreign jurisdiction lacked due process; that there was an infirmity of proof establishing the misconduct; or that the alleged misconduct forming the basis of discipline in the foreign jurisdiction would not constitute misconduct in New York (see Matter of Renna, 225 AD3d 1055, 1056 [3d Dept 2024]; see also Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [c]; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). AGC avers that Federal Rules of Appellate Procedure rule 46 (c), which was cited in the Second Circuit's order, permits that Court to discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court rule and that this rule is similar to Rules of Professional Conduct (22 NYCRR 1200.00) rule 8.4 (d). In its March 2024 order, the Second Circuit concluded that respondent had failed to respond to the Grievance Panel's September 2022 order, among other things and, as a consequence, he was barred from seeking readmission before the Second Circuit [*2]or representing parties until he responded to the Grievance Panel's directive and received leave of that Court for any proposed representation. Accordingly, the logical inference to be drawn from the Second Circuit's order is that respondent's bar on readmission before that Court is a direct result and consequence of his failure to timely comply with the Grievance Panel's September 2022 directive (see Matter of Koenig, 104 AD3d 221, 223 [1st Dept 2013]). As we have previously concluded that an attorney's failure to abide by the directives of a court (see e.g. Matter of Escano, 221 AD3d 1127, 1128 [3d Dept 2023]; Matter of Barry, 198 AD3d 1255, 1258 [3d Dept 2021]) or to cooperate with the investigation or lawful demands of AGC (see e.g. Matter of Wolfe, 185 AD3d 1347, 1347-1348 [3d Dept 2020]) both constitute violations of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d), and given that respondent has not raised any of the defenses provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), we find respondent's misconduct established and turn to the consideration of the appropriate penalty.
To that end, AGC cites in aggravation respondent's private disciplinary history of failing to respond to other courts and to AGC itself (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a]), which evinces a pattern of misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c]), as well as respondent's failure to provide AGC with timely notice of the discipline imposed by the Second Circuit (see Matter of Hoines, 185 AD3d 1349, 1350 [3d Dept 2020]). On this point, respondent concedes that he did not send a copy of the Second Circuit's order to AGC or this Court, as required (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]), but claims that his actions were not intentional, as he believed that the express terms of the Second Circuit's order automatically reported his misconduct to AGC (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b]). Respondent also cites in mitigation his limited experience in handling appeals before the Second Circuit, disclosing that, since 2010, he had only one other matter before that Court, and he further avers that there was no prejudice to his client's interests in this matter (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [f]). Respondent also expresses remorse for his conduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]), acknowledges the importance of timely responding to courts and clients and appears to commit himself to avoiding similar instances of nonresponsiveness in the future. Given the totality of the circumstances, we censure respondent (see Matter of D'Amico, 166 AD3d 1375, 1376 [3d Dept 2018]).
Garry, P.J., Aarons, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.