Matter of Goldstein (2024 NY Slip Op 05269)

Matter of Goldstein

2024 NY Slip Op 05269

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

PM-207-24
[*1]In the Matter of David M. Goldstein, an Attorney. (Attorney Registration No. 1836881.)

Calendar Date:October 8, 2024

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Tabner, Ryan and Keniry, LLP, Albany (William F. Ryan Jr. of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1982, following his 1973 admission in both Florida and New Jersey. In January 2019, the Supreme Court of Florida accepted respondent's disciplinary revocation following allegations that he failed to provide a client with an accounting of funds held on behalf of the client. The Supreme Court of New Jersey thereafter permanently disbarred respondent, upon his consent and upon his admission that he had knowingly misappropriated more than $30,000 while serving as the escrow agent in a real estate transaction.[FN1] The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by motion initially marked returnable April 22, 2024, but adjourned upon respondent's request to May 28, 2024, to impose discipline in this state as a result of respondent's disciplinary revocation in Florida and disbarment in New Jersey (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has been heard in response to AGC's motion, AGC was heard in reply, and the parties were heard at oral argument.
We may discipline an attorney for misconduct committed in a foreign jurisdiction and, in defense, the attorney may assert that the procedure in the foreign jurisdiction lacked due process, that there was an infirmity of proof establishing the misconduct or that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in New York (see Matter of Haar, 227 AD3d 1364, 1365 [3d Dept 2024]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Inasmuch as respondent's arguments can be construed that the procedure, at least in New Jersey, lacked due process or that there was an infirmity of proof in establishing the misconduct, the record reveals that, in consenting to his disbarment in New Jersey, respondent acknowledged as true the allegation that he knowingly misappropriated $30,145.54 from a deposit received while serving as an escrow agent in a real estate matter (see New Jersey Rules of Court rule 1:20-10 [a]). He further admitted that, if the matter had gone to hearing, he would not be able to defend against those charges and that such conduct, if committed in New Jersey, would require his disbarment. In Florida, respondent, in lieu of complying with the Florida Bar's subpoena, voluntarily sought disciplinary revocation, knowing the effect thereof, including that disciplinary revocation is tantamount to disbarment in that jurisdiction (see Rules Regulating the Florida Bar rule 3-7.12 [d]). While it appears that each jurisdiction provides different processes for resignation or revocation while a disciplinary investigation or proceeding is pending, respondent willingly sought, and received, each jurisdiction's option to relinquish his ability to practice law as opposed to engaging in disciplinary investigations and proceedings. As AGC points out, respondent's admissions made [*2]in the context of his disbarment by consent in New Jersey, if made here, would constitute a violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and 8.4 (c) and (h). Given the admissions made by respondent in New Jersey, we grant AGC's motion, deem the misconduct established and turn to the penalty to be imposed (see Matter of McCullough, 213 AD3d 1136, 1138 [3d Dept 2023]; Matter of Calisi, 119 AD3d 1317, 1317 [3d Dept 2014]).
We are not limited to imposing the same discipline as was rendered by the foreign jurisdiction but, rather, we are tasked with issuing discipline that protects the public, maintains the honor and integrity of the profession, and deters others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). However, we have previously and continuously held that the submission of a disciplinary resignation in another state is tantamount to disciplinary resignation in this state pursuant to this Court's rules, inasmuch as an attorney seeking resignation in this jurisdiction while disciplinary charges are pending would result in the attorney's disbarment (see e.g. Matter of McCullough, 213 AD3d at 1138; Matter of Bialobrzeski, 155 AD3d 1427, 1428 [3d Dept 2017]; Matter of Vega, 147 AD3d 1196, 1198 [3d Dept 2017]; Matter of Calisi, 119 AD3d at 1317; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.10). We also take note of the various aggravating factors cited by AGC, including respondent's selfish or dishonest motive in knowingly misappropriating client funds (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b]); his intentional failure to cooperate with the subpoena in Florida (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [e]); and his substantial experience in the practice of law (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]), as well as the mitigating factors cited by respondent, including his efforts to serve his community (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [g]); a lack of disciplinary history (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]); and the discipline imposed in New Jersey and Florida (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [k]). AGC avers that respondent's misconduct is further aggravated by his failure to report his Florida disciplinary revocation and New Jersey disbarment to this Court and AGC within 30 days (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]). While respondent avers that he made attempts to provide such notice, the record reveals that such notice did not reach this Court or AGC. As AGC argues, respondent's admissions in New Jersey are significant and have historically warranted the imposition of a significant penalty in this state (see e.g. Matter of Ndi, 186 AD3d 916, 916-918 [3d Dept 2020]; Matter of Cresci, 175 AD3d 1670, 1672 [3d Dept 2019]; Matter of Friedman, 166 AD3d 1208, 1209 [3d Dept [*3]2018]). Given the totality of the circumstances, and in order to protect the public, maintain the honor and integrity of the profession, and deter others from committing similar misconduct, we suspend respondent from the practice of law indefinitely, and condition any future application for reinstatement in this state upon proof that he has been reinstated to the practice of law in Florida.
Clark, Aarons and Mackey, JJ., concur. Egan Jr., J.P., and Ceresia, J., concur in part and dissent in part, and would grant the motion of the Attorney Grievance Committee for the Third Judicial Department and disbar respondent.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: The Attorney Grievance Committee for the Third Judicial Department advises that respondent was also disbarred by the US District Court for the Southern District of Florida in February 2019.