Matter of Mensah
2026 NY Slip Op 03499
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Paul Tonyo Mensah, a Suspended Attorney. (Attorney Registration No. 4019048.)

Decided and Entered:June 4, 2026
PM-118-26
Calendar Date: May 18, 2026
Before: Pritzker, J.P., Reynolds Fitzgerald, Ceresia, Powers And Corcoran, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Paul Tonyo Mensah, Potomac, Maryland, respondent pro se.

[*1]
Per Curiam.
Respondent was admitted to the practice of law in this state in 2002, and was similarly admitted in Washington, DC in 2003. By September 2024 order, respondent was suspended by this Court for conduct prejudicial to the administration of justice arising from his failure to maintain his biennial registration obligations beginning in 2020 (230 AD3d 1498, 1514 [3d Dept 2024]). In December 2019, respondent and the Office of Disciplinary Counsel for the District of Columbia entered into an agreement, wherein respondent admitted to recklessly misappropriating entrusted funds in two matters; entering into an impermissible fee splitting arrangement; and failing to maintain trust account records (see DC Rules of Prof Conduct rules 1.5 [e]; 1.15 [a]), and agreed that a three-year suspension with reinstatement conditioned on his fitness was an appropriate sanction for his conduct. Both the Ad Hoc Hearing Committee and the Board on Professional Responsibility approved the negotiated discipline and the sanction to be imposed, and the District of Columbia Court of Appeals ultimately suspended respondent for a three-year term in November 2021, with respondent's reinstatement conditioned on a showing of fitness. By order to show cause, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now seeks the imposition of discipline on respondent as a consequence of his established misconduct in Washington DC. Respondent was heard in opposition, and AGC was heard in reply.
We may discipline an attorney for misconduct committed in a foreign jurisdiction (see Matter of Singh, 245 AD3d 1061, 1062 [3d Dept 2026]; Matter of Yanowitch, 244 AD3d 1701, 1702 [3d Dept 2025]). Upon application by AGC containing proof that an attorney has been disciplined in a foreign jurisdiction, the attorney must demonstrate why discipline should not be imposed in New York for the underlying misconduct, but the attorney is limited to the defenses provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) (see e.g. Matter of Aljaludi, 226 AD3d 1254, 1256 [3d Dept 2024]). On this point, AGC avers that respondent's misconduct in the District of Columbia and suspension subjects him to discipline in New York (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13), inasmuch as the implicated Washington, DC rules are substantially similar to New York's Rules of Professional Conduct (see Rules of Prof Conduct (22 NYCRR 1200.0) rules 1.5 [g]; 1.15 [a], [d]). In his opposition,FN1 respondent asks the Court to take into account certain findings of the Ad Hoc Committee, which largely constitute mitigating factors, but he does not raise any of the defenses provided for in section 1240.13 (b). Notably, in entering into the negotiated discipline in Washington, DC, respondent averred that he could not successfully defend against the disciplinary charges, and that he freely and voluntarily entered into the negotiated [*2]disposition. Accordingly, we consider respondent's misconduct in Washington, DC established, and turn our attention to consideration of the sanction to be imposed (see Matter of White, 243 AD3d 1112, 1114 [3d Dept 2025]; Matter of Beyer, 241 AD3d 1700, 1701 [3d Dept 2025]).
While AGC initially cited, in aggravation, respondent's longstanding delinquency in this state and his failure to file an affidavit of compliance following his 2024 suspension in this state (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [f]), respondent cured his delinquency while this proceeding was pending and has belatedly filed an affidavit of compliance as part of his response. The record of the disciplinary matter in Washington, DC reveals, and respondent likewise cites, various mitigating factors, including his cooperation with disciplinary authorities and a lack of prior disciplinary history (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a], [e]). Additionally, respondent indicates, and our records confirm that, in December 2021, he notified this Court and AGC of his suspension in Washington, DC, thereby timely satisfying his requirements pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d), and likewise complied with Washington, DC rules concerning suspended attorneys. Respondent also notes that, since 2019, he has been employed full time in a nonlegal role, and has no intention to return to the practice of law. Given the circumstances, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we see no reason to deviate from the sanction imposed and agreed-to in Washington, DC. However, we find that the circumstances warrant this suspension be effective nunc pro tunc to November 4, 2021, the effective date of the Washington, DC suspension order (see e.g. Matter of Hediger, 230 AD3d 847, 850 [3d Dept 2024]).
Pritzker, J.P., Reynolds Fitzgerald, Ceresia, Powers and Corcoran, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of three years, effective November 4, 2021, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this state; and it is further
ORDERED [*3]that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.

Footnotes

Footnote 1
To the extent that respondent opposes AGC's instant proceeding on the basis that he did not purportedly receive adequate notice of his September 2024 suspension in this state, we conclude that such arguments would be better addressed in a motion for reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c]).