In the Matter of GARY L. MASON an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [874 NYS2d 273]—

Per Curiam. Respondent was admitted to practice by this Court in 1991. He practices law in New Jersey, where he was admitted to the bar in 1990.

By order dated November 12, 2008 (197 NJ 1, 960 A2d 735 [2008]), the Supreme Court of New Jersey censured respondent for professional misconduct. According to the order and the underlying decision of the New Jersey Disciplinary Review Board, respondent engaged in a conflict of interest during sequential corporate representations and engaged in conduct prejudicial to the administration of justice by violating a court order directing him to disassociate himself from any legal work involving the first representation.

Petitioner moves for an order imposing reciprocal discipline (see 22 NYCRR 806.19). Respondent has filed an affidavit setting forth mitigating circumstances. He also alleges infirmities in the due process accorded him in New Jersey and the proof supporting the findings of misconduct. The claims are not sustainable on the record before us.

Having considered the conduct which gave rise to respondent's discipline in New Jersey, respondent's papers in mitigation and having due regard for the discipline imposed by the New Jersey Supreme Court, we conclude that the same discipline should be imposed by this Court as was imposed in New Jersey, i.e., censure.

Cardona, P.J., Mercure, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is hereby censured.