Matter of Ambe (2020 NY Slip Op 05566)





Matter of Ambe


2020 NY Slip Op 05566


Decided on October 8, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 8, 2020

PM-129-20

[*1]In the Matter of Jude Ambe, a Suspended Attorney. (Attorney Registration No. 4687638.)

Calendar Date: August 31, 2020

Before: Garry, P.J., Lynch, Aarons, Pritzker and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Jude Ambe, Silver Spring, Maryland, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2009 and previously maintained an immigration law practice in Maryland, despite the fact that he has never been admitted to practice in that jurisdiction. In October 2019, the Court of Appeals of Maryland disbarred respondent based upon sustained allegations that he had, among other things, failed to provide competent representation to a client, neglected his client's matter and had lacked candor in statements to a tribunal concerning aspects of that representation (Attorney Grievance Commn. of Maryland v Ambe, 466 Md 270, 218 A3d 757 [2019]; see Maryland Attorneys' Rules of Professional Conduct § 19-308.5 [a] [2] [A-B]). Accordingly, upon the motion of the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), this Court suspended respondent from the practice of law in April 2020 for a period of three years due to his Maryland misconduct (Matter of Ambe, 182 AD3d 695 [2020]).
Thereafter, AGC learned that, in January 2020, the United States Department of Justice, Board of Immigration Appeals had disbarred respondent from the practice of law before the Board, Immigration Court and the Department of Homeland Security based upon the same operative facts giving rise to his Maryland disbarment and suspension by this Court. Based on this discovery, AGC now moves pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 to impose discipline upon respondent as a consequence of his disbarment by the Board. Respondent has filed papers in response to the motion and AGC has submitted a reply.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, an attorney may be disciplined for misconduct upon the application by the appropriate grievance committee "containing proof that a person or firm covered by this Part has been disciplined by a foreign jurisdiction" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]). However, section 1240.13 (c) makes clear that the basis for imposing discipline on the attorney in this state is the "misconduct underlying [the foreign] discipline" (Matter of Petigara, 186 AD3d 940, 941 [2020]). Stated differently, although section 1240.13 identifies the imposition of foreign discipline as a predicate for a motion seeking to impose corresponding discipline in this state, it is the foreign misconduct that serves as the actual basis for any sanction imposed by this Court pursuant to that Rule (see generally Matter of Salomon, 91 AD3d 187, 189 [2011]; Matter of Jaffe, 78 AD3d 152, 157-158 [2010]).
AGC contends that respondent is subject to further discipline based on the foreign discipline imposed by the Board, highlighting the fact that the Board's disciplinary order preceded this Court's order suspending respondent. However, regardless of the timing of the Board's order, it is based entirely upon the same misconduct underlying respondent's disbarment in Maryland, which was the basis of our April 2020 disciplinary order. Having already disciplined respondent for his misconduct in Maryland, we find that the Board's order cannot serve as the basis for a separate motion pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13. We therefore deny AGC's motion, without prejudice to AGC taking whatever action it deems appropriate pursuant to its authority under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7 concerning those allegations separate and apart from the sustained misconduct underlying the foreign disciplinary orders (see generally Matter of Njogu, 170 AD3d 1320, 1321-1322 [2019]).
Garry, P.J., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is denied.