Matter of Campbell (2022 NY Slip Op 01508)





Matter of Campbell


2022 NY Slip Op 01508


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

PM-53-22
[*1]In the Matter of Mizell Campbell, a Suspended Attorney. (Attorney Registration No. 4445706.)

Calendar Date:December 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Mizell Campbell, Fort Lauderdale, Florida, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2006 and was previously admitted in his home jurisdiction of Florida in 2003. In October 2017, the Supreme Court of Florida suspended respondent from the practice of law indefinitely pending the result of a final proceeding on a petition alleging that he had, among other things, misappropriated client funds and had provided false information to disciplinary authorities (The Florida Bar v Campbell, SC17-1738, 2017 WL 4546256 [Fla 2017]; see Rules Regulating the Florida Bar, rule 3-5.2). Thereafter, by April 2018 order, this Court indefinitely suspended respondent from the practice of law pending the result of the proceeding in Florida (160 AD3d 1200 [2018]). Respondent remains suspended to date.
Subsequently, following a two-day hearing before a referee in January 2018, the Supreme Court of Florida permanently disbarred respondent in December 2018 based upon the same misconduct justifying its October 2017 emergency suspension (Florida Bar v Campbell, SC17-1738, 2018 WL 6435724 [Fla 2018], cert denied ___ US ___, 139 S Ct 2032 [2019]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to again impose discipline upon respondent as a consequence of his Florida misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has submitted an affidavit in opposition to the motion and AGC has submitted a reply.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." In April 2018, this Court suspended respondent from the practice of law for the same Florida misconduct underlying AGC's current motion "pending final resolution of his Florida disciplinary matter" and conditioned any future application by respondent for reinstatement upon proof that he had been reinstated to practice in Florida (160 AD3d at 1201). Accordingly, to the extent that AGC's current motion seeks to impose discipline upon respondent anew for conduct which he has already been sanctioned for in this state, AGC's motion must be denied (see Matter of Ambe, 187 AD3d 1308 [2020]). However, we deem it appropriate to revisit our prior order, on our own motion, and consider the appropriate sanction in light of the final determination of the Supreme Court of Florida.
Furthermore, we may also now consider that respondent has, for the first time in the context of this motion, raised certain challenges to the imposition of discipline in this state.[FN1] Specifically, respondent contends that he was deprived of due process in the Florida proceeding on account of the Florida referee's bias towards him (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1]). Respondent further suggests that the unfairness of the Florida proceeding would render any corresponding discipline in this state [*2]unjust (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [c]). We reject his contentions. Specifically, respondent's various arguments regarding his perception of bias, perceived conflicts or his challenges to the qualifications of the referee in the Florida proceeding are either unsupported by the record or not properly before us (see Matter of Spechler, 198 AD3d 1098, 1100 [2021]). To the contrary, the record suggests that respondent was provided a full and fair hearing, and that he engaged in extensive motion practice and appeals examining the merits of the same arguments he now presents to this Court (see e.g. Matter of Sklar, 167 AD3d 1142, 1143 [2018], appeal dismissed and lv denied 34 NY3d 972 [2019]). Further, to the extent that respondent seeks to relitigate the merits of his Florida disciplinary proceeding, we note that he is prohibited from doing so in this forum.
As to his claim that his Fifth Amendment rights were violated in the Florida proceeding, it is well established that the constitutional protections of the Fifth Amendment "forbid the [s]tate from compelling incriminating answers which may be used in any criminal proceeding" (Matter of Anonymous Attorneys, 41 NY2d 506, 510 [1977]). That protection would extend to compulsion to testify or provide documents in a disciplinary proceeding (see Spevack v Klein, 385 US 511, 517-518 [1967]; see also Lefkowitz v Turley, 414 US 70, 77 [1973]). However, a respondent's choice to refuse to testify, even if compelled by the potential threat of disclosing incriminating evidence, does not insulate him or her from the imposition of discipline entirely. To the contrary, the Fifth Amendment only protects an attorney from facing discipline solely on the basis of invoking the right and without the support of other evidence establishing his or her misconduct (see Baxter v Palmigiano, 425 US 308, 318 [1976]; Spevack v Klein, 385 US at 517-518; see generally Matter of Zuckerman, 20 NY2d 430, 437 [1967], cert denied 390 US 925 [1968]; Matter of Kapchan, 86 AD3d 110, 112 [2011]). The Florida referee noted in his determination that respondent did not testify on the advice of counsel since he was facing a criminal investigation. However, the referee did not suggest that any negative inference was taken from that decision or that it played any role in the finding of misconduct.[FN2] Accordingly, we find that his argument lacks merit.[FN3]
In considering the appropriate sanction for respondent's sustained misconduct, we note that the misappropriation of client funds and the provision of false information to disciplinary investigators is severe and warrants a significant sanction (see Matter of Cresci, 175 AD3d 1670, 1672 [2019]; Matter of Friedman, 166 AD3d 1208, 1209 [2018]; Matter of Castillo, 157 AD3d 1158, 1159-1160 [2018], lv denied 31 NY3d 906 [2018]; Matter of Plimpton, 120 AD3d 1486, 1487 [2014]). Further, we note the aggravating and mitigating factors considered in the Florida [*3]proceeding, which are established by the record before us (see Matter of Walter, 160 AD3d 1335, 1336 [2018]). Specifically, in mitigation of respondent's misconduct, we note that he had no record of discipline prior to the misconduct underlying the petition (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]). However, aggravating his misconduct is respondent's dishonest or selfish motive, his pattern and engagement in multiple acts of misconduct, his deceptive practices during the disciplinary process, his substantial experience in the practice of law and his indifference to making restitution (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b], [c], [d], [e], [i], [j]). Beyond these factors, respondent has a persistent registration delinquency in this state and has not complied with his statutory obligation to properly register since the 2016-2017 biennial period (see Matter of Leite-Young, 177 AD3d 1240, 1241 [2019]; see generally Judiciary Law § 468-a). Further, since the time of his disbarment in Florida, respondent has pleaded nolo contendere to the unauthorized practice of law (see Fla Stat § 454.23), a third-degree felony in Florida, stemming from his sustained misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [k]).[FN4] Ultimately, we find that there is no justification to deviate from the severity of the sanction imposed in Florida (see Matter of Park, 188 AD3d 1550, 1552 [2020]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we disbar respondent from the practice of law, nunc pro tunc to April 12, 2018, the date of our prior order (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is denied; and it is further
ORDERED that, on this Court's own motion, this Court's April 12, 2018 Memorandum and Order on Motion is hereby vacated to the extent that it suspended respondent from the practice of law until further order of this Court; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to April 12, 2018; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED [*4]that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Respondent defaulted on AGC's motion giving rise to this Court's April 2018 order of suspension.

Footnote 2: Respondent notes that a Florida prosecutor was present at the hearing. However, records from the Florida disciplinary proceeding are public information. Accordingly, the presence of the prosecutor at the hearing had little bearing on the prosecutor's ability to access the records of the proceeding to use in any subsequent criminal proceeding (see Rules Regulating the Florida Bar, rule 3-7.1 [a] [3], [a] [8], [b]).

Footnote 3: We also note that respondent's sustained misconduct is well supported in the record of the Florida proceeding and did not suffer from an infirmity of proof. Further, we find that respondent's extensive misconduct, which included multiple instances of misappropriating client funds and providing false information to investigators, would constitute misconduct in this state (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.15 [a] [1]; [b], [d] [1] [i], [ii], [iv], [viii]; [2]; 8.4 [a], [b], [c], [d]).

Footnote 4: We additionally note that respondent failed to report his criminal conviction to this Court or AGC (see Judiciary Law § 90 [4] [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]).