Matter of Jenkins (2023 NY Slip Op 06789)

Matter of Jenkins

2023 NY Slip Op 06789

Decided on December 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 28, 2023

PM-283-23
[*1]In the Matter of Marylin Jenkins, a Suspended Attorney. (Attorney Registration No. 2429124.)

Calendar Date:November 13, 2023

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Noel Mendez of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 1991, is licensed to practice in California and has been licensed to practice in Washington, DC.[FN1] Respondent last provided a California business address to the Office of Court Administration. This Court suspended respondent from practice in 2019 due to her noncompliance with her registration obligations beginning in 2015 (172 AD3d 1706, 1729 [3d Dept 2019]) and respondent remains so suspended — and delinquent in her registration obligations — to date. In December 2016, respondent was reprimanded by disciplinary authorities in the District of Columbia when it was revealed that she had falsified certain documentation in connection with her employment by Amtrak. Thereafter, respondent applied for employment in California in 2022 and, in connection therewith, she failed to disclose her admission in Washington, DC and affirmatively denied having previously been the subject of professional discipline. The District of Columbia Court of Appeals subsequently approved a negotiated disposition for respondent's 2022 misconduct and imposed a 30-day suspension from practice as a consequence. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 to impose discipline upon respondent as a consequence of her 2022 misconduct. Respondent has not responded to the motion to date.
Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits us to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, "[t]he respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors," but such defenses are limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Since respondent has not responded to AGC's motion, she has effectively waived any of her available defenses. Nonetheless, if respondent had committed the same conduct in New York that was found by the Hearing Committee in the District of Columbia, it would be deemed misconduct in this state as well (see Rules of Prof Conduct [22 NYCRR 1200.00] rule 8.4 [c]).
Concerning the sanction to be imposed, this Court is "not obliged to impose the same sanction that was imposed by the foreign tribunal, but rather [is] charged with crafting a sanction that protects the public, maintains the honor and integrity of the profession or deters others from engaging in similar misconduct" (Matter of Hankes, 210 AD3d 1282, 1282-1283 [3d Dept 2022]). Accordingly, we have considered the several aggravating factors presented by AGC, including respondent's past disciplinary history, her current suspension from the practice [*2]of law in Washington, DC as well as in this state, and her failure to participate in the instant proceeding. Given the circumstances and noting respondent's failure to present any mitigating factors, we suspend respondent from the practice of law for one year (see Matter of Sablone, 211 AD3d 1226, 1228 [3d Dept 2022]; Matter of Moses, 206 AD3d 1440, 1442 [3d Dept 2022]; ABA Standards for Imposing Lawyer Sanctions standards 5.11 [b]; 8.2) based on her apparent disregard for her fate as an attorney in this state or in the other jurisdictions in which she has been admitted (see Matter of Moses, 206 AD3d at 1442).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that petitioner's motion is granted; and it is further
ORDERED that respondent is suspended from the practice of law for one year, effective immediately, and until further notice of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended or disbarred attorneys (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.

Footnotes

Footnote 1: Respondent was administratively suspended in Washington, DC and remains so suspended.