Matter of Mason (2024 NY Slip Op 03225)

Matter of Mason

2024 NY Slip Op 03225

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

PM-120-24
[*1]In the Matter of Gary Lee Mason, a Suspended Attorney. (Attorney Registration No. 2426799.)

Calendar Date:April 22, 2024

Before:Egan Jr., J.P., Clark, Pritzker, McShan and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 1991 following his admission in his home state of New Jersey in 1990. Respondent was censured by February 2009 order of this Court upon a finding by the Supreme Court of New Jersey that respondent had engaged in a conflict of interest and in conduct prejudicial to the administration of justice in that state (59 AD3d 845 [3d Dept 2009]). Respondent was thereafter suspended from practice in this state by our September 2022 order as a consequence of his longstanding registration delinquency (208 AD3d 1421, 1436 [3d Dept 2022]), and he remains so suspended in New York to date. Meanwhile, respondent has since been permanently disbarred by the Supreme Court of New Jersey due to, among other misconduct, his intentional misappropriation of over $600,000 in client funds after previously being reprimanded by that Court in 2013 for threatening to present criminal charges to obtain an improper advantage in a civil matter. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves to impose discipline upon respondent in this state as a consequence of his 2013 and 2021 New Jersey misconduct. Respondent failed to respond to the motion.
Respondent's misconduct arises out of his legal representation and part ownership of three media and film companies in June 2006, which entities were also partially owned by a client of respondent. In lieu of fees for his representation of the client, respondent was to receive an equity interest in the business entities. Pursuant to an operating agreement for one of the companies, approximately $690,000 was deposited into respondent's trust account for respondent to safeguard by certain investors until 100% of funding for a production was secured. However, in furtherance of his representation, respondent entered into an agreement with a third-party company that memorialized an advance-fee scheme which ultimately led to the loss of the $690,000. Respondent admitted to the New Jersey Disciplinary Review Board that the agreement had put the investors' funds at risk and that "he did not have the authorization of any of the investors to sign [the agreement]." Respondent accordingly sued the third-party company and obtained a judgment in excess of $20 million, however this judgment was not collectable. Respondent was also sued by the investors, which ultimately resulted in two consent judgments against respondent and his own firm, each in the amount of $890,000. However, as of the date of respondent's disciplinary hearing, no funds were returned to the investors — either by respondent or the company.
Based on these events, a hearing was held before a special master in December 2018 which concluded with the New Jersey Disciplinary Review Board recommending respondent's permanent disbarment. During respondent's disciplinary proceeding, respondent and the New Jersey Office of Attorney Ethics entered into a stipulation of facts wherein he admitted[*2], among other things, that he violated certain of the New Jersey Rules of Professional Conduct, including failing to obtain informed written consent to his representation by certain corporation managers and members and failing to provide a written retainer agreement. Additionally, respondent was charged by a formal ethics complaint of intentionally misappropriating $690,000. Although respondent submitted various factors in mitigation of his misconduct, including his active involvement in his community, the New Jersey Disciplinary Review Board ultimately recommended that respondent be disbarred. Accordingly, the Supreme Court of New Jersey so ordered that recommendation in January 2021. AGC now moves this Court to impose discipline on respondent based on the conduct resulting in his disbarment as well as the conduct respondent engaged in which resulted in his reprimand by New Jersey in 2013.
In its affirmation in support of its motion, AGC contends that sanctioning respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate based upon the conduct for which he was sanctioned by New Jersey. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits this Court to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, "[t]he respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors," but such defenses are limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Here, respondent has not responded to AGC's motion in any respect and he has therefore necessarily not invoked any of his available defenses (see Matter of Jenkins, 222 AD3d 1319, 1320 [3d Dept 2023]). Accordingly, our attention turns to the sanction to be imposed, as well as the relevant aggravating and mitigating factors.
As a preliminary aggravating factor, it is noted that this Court suspended respondent by September 2022 order for conduct prejudicial to the administration of justice based on his registration obligation delinquencies beginning in 2019, and respondent remains so suspended — and delinquent — to date (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 208 AD3d at 1436). Further exacerbating respondent's circumstances is his failure to respond to the subject motion (see Matter of Fauci, 221 AD3d 1240, 1241 [3d Dept 2023]; Matter of Johnson, 182 AD3d 899, 900 [3d Dept 2020]). Moreover, respondent's disciplinary history with this Court dates back to 1998, wherein he received a letter of caution for his failure to comply with his attorney registration obligations. Respondent was also censured by this Court by February 2009 order based on additional misconduct that [*3]he committed in New Jersey, specifically his engagement in a conflict of interest (Matter of Mason, 59 AD3d at 845). Additionally, although not reported to this Court as required, respondent was sanctioned in New Jersey in 2013 upon consent for his "threatening to present criminal charges to obtain an improper advantage in a civil matter." Finally, it is submitted that respondent "has demonstrated his lack of interest in his fate as an attorney" as demonstrated by his pattern of misconduct "as well as his failure to adhere to his attorney registration obligations" (Matter of Cohen, 217 AD3d 1248, 1249 [3d Dept 2023]). Accordingly, in consideration of these facts and circumstances, we find that the appropriate sanction for respondent is disbarment (see id.; Matter of McCullough, 213 AD3d 1136, 1138 [3d Dept 2023]; Matter of Campbell, 203 AD3d 1380, 1383-1384 [3d Dept 2022]).
Egan Jr., J.P., Clark, Pritzker, McShan and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).