Matter of Freeman (2024 NY Slip Op 05268)

Matter of Freeman

2024 NY Slip Op 05268

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

PM-206-24
[*1]In the Matter of Lisbeth Ann Freeman, a Suspended Attorney. (Attorney Registration No. 4773099.)

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Cassidy V. Milam of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2010 but was suspended from practice in this state by September 2024 order (___ AD3d ___, 217 NYS3d 309 [3d Dept 2024]) due to her longstanding registration delinquency. She last listed an address in Pennsylvania with the Office of Court Administration, but does not appear to be admitted to practice in that jurisdiction. Respondent was also admitted to practice in Florida in 2014 but, in January 2021, respondent was disbarred by the Supreme Court of Florida upon her default to charges of client neglect and failure to respond to an official bar inquiry (Florida Bar v Freeman, 2021 WL 217636 [Fla 2021]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves, by order to show cause marked returnable September 9, 2024, to impose discipline upon respondent as a consequence of her established Florida misconduct. Respondent has not responded to AGC's motion.
Respondent's misconduct in Florida arises out of her representation of a client in a probate and estate planning matter beginning in February 2017. After initially being paid approximately $5,000 by her client and performing some work therefor, including filing a petition for administration, the death certificate of the client's wife and the client's will, respondent failed to take additional action. Unbeknownst to the client, and despite his numerous attempts to contact respondent, respondent relocated to Pennsylvania at some point and abandoned her representation of the client. Accordingly, the client filed a complaint with the Florida Bar in July 2018 but, after one initial response, respondent failed to respond to the Florida Bar's inquiries. Based on respondent's noncompliance with its investigation, the Florida Bar filed a petition for contempt with the Supreme Court of Florida and respondent was found to be in contempt by December 2019 order. Within the order of contempt, the Supreme Court of Florida held that "[a]s a sanction, respondent [would be] suspended from the practice of law . . . so that respondent can close out her practice and protect the interests of existing clients" and that "[r]espondent [would] remain suspended until she has fully responded in writing to the official Bar inquiry, and until further order of [that] Court." Thereafter, the Florida Bar filed a complaint against respondent in June 2020 alleging that respondent had violated Rules Regulating the Florida Bar rule 1-3.3 for failing to update her official bar contact information; Rules Regulating the Florida Bar rule 4-1.3 for failing to act with reasonable diligence; Rules Regulating the Florida Bar rule 4-1.4 for failing to comply with a client's reasonable request for information; Rules Regulating the Florida Bar rule 4-1.16 for failing to take reasonable steps to protect her client's interest and give notice of her termination of representation; and Rules Regulating the Florida Bar rule 4-8.4 (g) for failing to respond [*2]to an official bar inquiry. The matter was then brought before a Referee despite respondent's default upon the Florida Bar complaint. The Referee recommended that respondent be found to have violated all five aforementioned rules and that she be disbarred. The Supreme Court of Florida thereafter confirmed the report and recommendation of the Referee and disbarred respondent by January 2021 order (Florida Bar v Freeman, 2021 WL 217636 [Fla 2021]). AGC now moves this Court pursuant to Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 to impose discipline on respondent based on her Florida misconduct.
In its affirmation in support of its motion, AGC contends that sanctioning respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate based upon the conduct for which she was sanctioned by Florida. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits this Court to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, "[t]he respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors," but such defenses are limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). In this instance, "respondent has not responded to AGC's motion in any respect and [she] has therefore necessarily not invoked any of [her] available defenses" (Matter of Mason, 228 AD3d 1126, 1127-1128 [3d Dept 2024]; see Matter of Jenkins, 222 AD3d 1319, 1320 [3d Dept 2023]).[FN1] Accordingly, we find the misconduct established and turn to the sanction to be imposed, including consideration of the relevant aggravating and mitigating factors.
As an initial aggravating factor, we note that respondent was recently suspended by this Court for conduct prejudicial to the administration of justice arising from her registration delinquencies beginning in 2020 (see Matter of Attorneys in Violation of Judiciary Law § 468-a, ___ AD3d at ___, 217 NYS3d 309). Further exacerbating respondent's misconduct is the vulnerability of the client that she abandoned (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [h]). In particular, her 85-year-old client relied on respondent for her assistance in the probate of his deceased wife's estate as well as with his own estate planning. Respondent failed to adequately assist her client, failed to inform him that she had moved out of state or withdraw from her representation, leaving her as counsel of record until after the Florida Bar filed a complaint against her. Additionally, respondent failed to report her sanctioned misconduct to this Court in violation of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). As a final [*3]aggravating factor, we note that respondent has failed to respond to this motion seeking to impose discipline on her. This failure, combined with her failure to adequately respond to the Florida Bar complaint, resulting in an order of contempt and disbarment in that jurisdiction, exemplifies her patterned and demonstrated lack of interest in her fate as an attorney — in any jurisdiction (see Matter of Mason, 228 AD3d at 1128; Matter of Cohen, 217 AD3d 1248, 1249 [3d Dept 2023]). As such, in consideration of these facts and circumstances, we disbar respondent (see Matter of Mason, 228 AD3d at 1128; Matter of Cohen, 217 AD3d at 1249; Matter of McCullough, 213 AD3d 1136, 1138 [3d Dept 2023]; Matter of Campbell, 203 AD3d 1380, 1383-1384 [3d Dept 2022]).
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Notably, the conduct underlying four of the findings of misconduct in Florida would constitute violations of this state's Rules of Professional Conduct if committed in New York (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.3 [a]; 1.4 [a] [4]; 1.16 [e]; 8.4 [d]).