Matter of Heath (2025 NY Slip Op 00511)

Matter of Heath

2025 NY Slip Op 00511

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

PM-26-25
[*1]In the Matter of John Clifford Heath, an Attorney. (Attorney Registration No. 5046255.)

Calendar Date:January 15, 2025

Before:Egan Jr., J.P., Lynch, Ceresia, Fisher and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Weinberg Zareh Malkin Price LLP, New York City (Omid Zareh of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2012 and has also been admitted in his home state of Utah, among other jurisdictions. At all relevant times, respondent operated a law firm in Utah which primarily engaged in credit repair services and, in 2019, the federal Consumer Financial Protection Bureau commenced a lawsuit that alleged that the firm and other codefendants had violated the Telemarketing Sales Rule (hereinafter TSR) (see 16 CFR 310.4 [a] [2]). Following a motion for summary judgment, the US District Court for the District of Utah concluded that the services offered by respondent's firm violated the TSR (Bureau of Consumer Fin. Protection v Progrexion Mktg., Inc., 2023 WL 2548008, *5 [D Utah 2023], appeal dismissed 2023 WL 5835551 [10th Cir 2023]) and, in August 2023, it entered a stipulated judgment requiring respondent's firm to conduct regular compliance reviews, comply with reporting and record-keeping requirements and pay restitution and civil penalties, among other things.
Utah's Office of Professional Conduct thereafter filed a complaint against respondent based on the findings of the federal District Court, wherein it alleged that he had violated that state's Rules of Professional Conduct. Upon his admission to violations of facts and rule violations, the Third Judicial District Court in and for Salt Lake County placed respondent on a two-year term of probation with conditions additionally imposed. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause initially marked returnable on October 7, 2024, but adjourned upon respondent's request to November 4, 2024, to impose discipline upon respondent in this state as a consequence of his Utah misconduct. Respondent has submitted papers in response to the motion, AGC was heard in reply and respondent has submitted papers in surreply. Upon respondent's request, the parties were heard at oral argument.[FN1]
"Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits this Court to discipline a respondent for the misconduct committed in a foreign jurisdiction. However, the respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors, but such defenses are limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York" (Matter of Freeman, 231 AD3d 1422, 1423 [3d Dept 2024] [internal quotation marks, brackets and citation omitted]). Respondent has not raised any of the defenses permitted under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), and acknowledges that, as the firm's directing attorney, he is responsible for its regulatory failings. His responsive materials, in sum, seek to provide us with additional information, including mitigating factors and pertinent case law regarding the appropriate discipline (see e.g[*2]. Matter of Tabe, ___ AD3d ____, 2024 NY Slip Op 06111 [3d Dept 2024]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). While AGC's reply raised concerns regarding the form of respondent's submissions, we conclude that respondent has cured any deficiencies with his provision of an affidavit that attests to the facts as provided for in his other papers (see e.g. Matter of Mendelsohn, 230 AD3d 943, 945 [3d Dept 2024]). Inasmuch as respondent's admissions do not contest the misconduct as established by the disciplinary proceeding in Utah, and since such admissions were recorded in a stipulation upon his consent in that jurisdiction, we grant AGC's motion and turn to the appropriate discipline to be imposed (see e.g. Matter of Haar, 227 AD3d 1364, 1365 [3d Dept 2024]).[FN2]
On that point, we note, at the outset, that the discipline imposed by Utah — a period of probation — is not a form of discipline available under our Rules (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.2 [c], [g], [k]). Regardless of whether a certain form of discipline is permissible under our Rules, however, we are not constrained to implement the same discipline imposed by the foreign jurisdiction (see Matter of Tabe, ___ AD3d at ___, 2024 NY Slip Op 06111), but are instead tasked with imposing discipline that protects the public, maintains the honor and integrity of the profession, and deters others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
To that end, AGC notes the aggravating factor of the vulnerability of respondent's clients, who were in financially precarious situations when they contacted the law firm, and notes various standards set forth by the American Bar Association (hereinafter ABA) concerning the appropriate discipline (see ABA Standards for Imposing Lawyer Sanctions standards 7.2, 7.3). Respondent cites several mitigating factors, including the absence of a prior disciplinary record, both in New York or elsewhere (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]); the absence of a dishonest or selfish motive (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b]); his timely good-faith effort to make restitution and to rectify the consequences of misconduct, including stepping down from the firm's management and compliance with the federal court's order (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d]); his full and free disclosure to the disciplinary authority or cooperative attitude toward proceedings (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e]); his positive reputation and community-service efforts (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d]); the imposition of other penalties or sanctions, including the bankruptcy of his firm (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [k]); his remorse (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]); and his [*3]prompt notice to AGC regarding the discipline imposed in Utah and in other jurisdictions (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]).
While acknowledging the bevy of mitigating factors cited by respondent and his compliance with the conditions imposed as a consequence of the disciplinary stipulation in Utah, we would be remiss in not addressing the significance of respondent's admitted misconduct, which ran afoul of a law specifically established to protect consumers who sought credit repair services. Even accepting respondent's arguments that clients were satisfied with the firm's efforts and benefitted from its efforts, we note that even positive benefits or outcomes to clients do not diminish the significance of an attorney's misconduct. To that end, we censure respondent (see e.g. Matter of Chang, 232 AD3d 1197, 1199 [3d Dept 2024]; Matter of Mendelsohn, 230 AD3d at 945), and further direct respondent to complete 10 continuing legal education credits in the area of Ethics and Professionalism (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c]), and provide proof of his compliance with this condition to AGC within six months of the date of this order. Moreover, in order to assure us of his satisfaction of the conditions imposed upon him by his home jurisdiction of Utah, we further direct respondent to provide certain documentation to AGC concerning the conditions imposed by the June 11, 2024 order of the Third Judicial District Court in and for Salt Lake County of the State of Utah. First, in the event that circumstances arise which trigger the application of conditions Nos. 2 and 3 of the June 11, 2024 order, respondent shall promptly advise AGC of that fact, in writing, and provide AGC with all associated documentation requested by AGC. Further, upon the expiration of the probationary period imposed by the Third Judicial District Court, respondent shall provide AGC with copies of all documentation required by condition No. 5 of the June 11, 2024 order.
Egan Jr., J.P., Lynch, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured; and it is further
ORDERED that respondent is directed to satisfy the conditions set forth in this order.

Footnotes

Footnote 1: Respondent is admitted to practice law in several other jurisdictions in addition to Utah and New York, including Georgia, Texas, Washington, DC, Colorado and Idaho. As a consequence of his admitted misconduct in Utah, respondent advises that he has received a six-month stayed suspension with two years of probation with conditions in Colorado; a private reprimand and two-year probation with conditions in Idaho; a two-year probationary term with conditions in the District of Columbia; and a two-year suspension in Texas that is fully probated.

Footnote 2: Notably, the conduct underlying the misconduct in Utah would likewise constitute violations of this state's Rules of Professional Conduct if committed in New York, inasmuch as the rules in this jurisdiction are substantially similar, if not identical, to Utah's rules (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 7.1 [a] [1]; 8.4 [d]).